NARAMORE v. CAHOONE BARNET MANUF'G CO. et al., (two cases.)

(Circuit Court, D. New Jersey. April 21, 1893.)

PATENTS FOR INVENTIONS—INFRINGEMENT—HARNESS PADS.

    Claim 1 of letters patent No. 302,548, issued July 29, 1884, to Dorr & Tamplin, is for a harness pad in which the wool of the sheep or other animal is incorporated with a fabric backing in place of the skin. Claim 2 of letters patent No. 423,797, issued March 19, 1890, to Henry L. Naramore, is for practically the same thing, except that the claim is limited to a backing having secured thereto "tufts of unspun wool or hair * * * in the form of doubled uncut loops." *Held* that, in view of the prior state of the art, these claims, if valid at all, must be strictly construed, and are not infringed by a pad made under the Cahoone patent, No. 402,719, and consisting of a broad skein or web of material made flat, and joined to a woven fabric or backing by rows of stitching, the material used being "spun" wool.

In Equity. Suits by Henry L. Naramore against the Cahoone Barnet Manufacturing Company and others for infringement of a patent. Bills dismissed.

Church & Church, for complainant.
E. H. Brown, for defendants.

GREEN, District Judge. These two suits in equity were brought against the defendants, the one to restrain them from infringing letters patent No. 302,548, granted July 29, 1884, to Oscar L. Dorr and Thomas J. Tamplin for certain new and useful improvements in harness pads; and the other to restrain the same defendants from infringing letters patent No. 423,797, dated March 19, 1890, granted to Henry L. Naramore, also for an improvement in harness pads. The Dorr & Tamplin patent was duly assigned to the complainant, Naramore, on or about June 7, 1886. The invention claimed to have been made jointly by them is said to "consist in an

imitation sheepskin pad, in which the wool of the sheep, or it might be other animal, is incorporated with a fabric backing or holder in place of the skin." The object of Mr. Naramore's invention is said to be "to provide an improvement in the harness pad shown and described in United States letters patent No. 302,548, granted to Dorr & Tamplin July 29, 1884;" and in reference to the invention itself the patentee says: "By my improvement objections met with in the use of the aforesaid harness pad are overcome, said improvement consisting of a pad comprising a backing or ground fabric, preferably of coarsely woven cloth, having tufts of unspun wool or hair secured to it in the form of doubled uncut loops." The claims infringed are said to be the first of the Dorr & Tamplin patent, and the second of the Naramore patent. They are as follows:

(1) Dorr & Tamplin Patent: "In a harness pad, the combination, with a piece of woven fabric, A, forming a backing or holder, of the double tufts, B, incorporated as shown with said holder, and essentially as described."

(2) Naramore Patent: "The leathern or other harness support, in combination with a harness pad, consisting of the backing or ground fabrics secured to said support, the ground fabrics having tufts of unspun wool or hair secured thereto in the form of doubled uncut loops, as set forth."

Upon comparison of these claims it appears that they are practically identical, except that in the Naramore patent the claim is limited to a specific form of "tufts," which must be of "doubled uncut loops," and to a special character of material to be used, to wit, "unspun wool or hair." Upon the argument it was forcibly contended that both of these patents were invalid, because they disclosed neither invention nor patentable novelty. Without expressing any opinion as to this defense, it is sufficient to say that, in view of the state of the art, either admitted or clearly and satisfactorily proved, the claims of the letters patent in controversy must be strictly construed; and, when so construed, the "harness pad" manufactured by the defendants under the Cahcone patent, No. 402,719, cannot be held to be an infringement. Clearly it exhibits nothing which can properly be described as "tufts," but rather, in its completed form, presents a surface composed of a broad skein or web of material made flat, and joined to a woven fabric as a backing by rows of stitching; while the material itself used is "spun" wool, a very different article from the "unspun wool or hair" of the complainant's pads. These differences are essential in character, and carry the pad of the defendant beyond the region covered and appropriated by the letters patent in controversy.

The bill of complaint in each case must be dismissed.